# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHRIS WAYLON THOMAS,    )
      )
    Petitioner,    )
      )
v.    )    CV418-074
      )
MARTY ALLEN,    )
      )
    Respondent.    )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 11:23 am, Oct 22, 2018

## REPORT AND RECOMMENDATION

In October 2007, Chris Waylon Thomas was convicted of several counts of armed robbery, aggravated assault, and aggravated battery and sentenced to two consecutive life sentences.  Doc. 1 at 1; *see State v. Thomas*, SU07RC0303 (Effingham County Super. Ct.).  On appeal, his sentence was affirmed in part.  Doc. 1 at 2; *see Thomas v. State*, A11A0126 (Ga. App. July 1, 2011) (remanding for resentencing following the court's vacatur of one count of kidnapping, three counts of aggravated assault, and his original sentence as a "recidivist").

His petitions for a new trial and for state habeas relief, filed while that appeal was pending, were both denied.  Doc. 1 at 4 (motion for new trial denied in 2010, habeas relief denied in 2016); *see Thomas v. Chatman*, 2012HC83RR (Tatnall County Super. Ct.).  He then filed this

federal habeas petition on March 20, 2018, contending that a litany of errors at trial and the overarching ineffectiveness of both trial and appellate counsel render his conviction and sentence unlawful. Doc. 1. Because it appeared Thomas's petition was timely-filed, the Court approved it for service after initial screening. Doc. 4. Respondent, however, has moved to dismiss, demonstrating that Thomas's petition is indeed untimely. Doc. 8. Petitioner opposes the motion. Doc. 10.

The Court based its initial finding of timeliness on the order denying relief in Thomas's state habeas case, which noted that his petition had been pending since July 2008 (thus tolling the one-year statute of limitations for filing his federal petition for collateral relief). *See* doc. 4 at 2 (citing doc. 1-2 at 1 (state habeas order noting that Thomas' state habeas petition was filed on July 1, 2008)). That date listed by the state habeas court, however, appears to be a "scrivener's error," as the state habeas petition itself (as well as Thomas's attached request to proceed *in forma pauperis* in that case) both reflect a December 6, 2012 filing date. Doc. 9, Exh. 1. That changes the Court's timeliness analysis. *See* doc. 4 at 2-3.

Thomas had to file for § 2254 relief within one year after the date

his conviction became final.   28 U.S.C. § 2244(d)(1).[1]   That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding.   28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Sitting on any claim and creating time gaps between proceedings can be fatal.   *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.   And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action.   *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

As Respondent explains, Thomas's convictions and sentences were

---

[1]   That section provides for other events which trigger the one-year limitations period, but none apply here.  *See* 28 U.S.C. § 2244(d)(2)-(4).

affirmed in part on direct appeal on July 1, 2011. *Thomas v.* State, 310 Ga. App. 404 (2011). Three convictions were vacated, however, and the case was remanded to the trial court for resentencing. *Id*. He was resentenced on February 21, 2012, and thus had 30 days from resentencing to file a notice of appeal. O.C.G.A. § 5-6-38. He did not, and his convictions became final on March 22, 2012, when the time for filing a notice of appeal on his resentencing expired. *Id*.; *see, e.g., Insignares v. Sec'y Fla. Dept. of Corrs.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (finality under 28 U.S.C. § 2244(d)(1)(A) consists of both conviction and sentence).

Thomas had one year (365 days) from that date – until March 22, 2013 -- to file a timely federal habeas petition or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(1)-(2). He filed his state habeas corpus petition on December 6, 2012 (259 days later). Doc. 9, Exh. 1. That left him with 106 days on the clock. The state habeas court denied his state petition in a final order on May 19, 2016, *id.*, Exh. 2, and the Georgia Supreme Court denied his application for a certificate of probable cause to appeal on May 1, 2017, and issued its remittur on May 24, 2017. *Id.*, Exhs. 3 & 4. Once the Georgia Supreme

Court issued its remittur, the clock began ticking again, giving Thomas

until September 7, 2017 (106 days) to timely file his federal petition for

collateral relief.   He did not signature-file his petition until March 20,

2018 (doc. 1) -- 194 days too late.[2]

_____

[2]   Despite that, his untimely petition "may still be timely if the petitioner is entitled
to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015)
(citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)); *Steed v. Head*, 219
F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a
jurisdictional bar.").   "A petitioner is entitled to equitable tolling if he can
demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary
circumstance prevented him from filing a timely petition." *Aureoles*, 609 F. App'x at
624; *Holland v. Florida*, 560 U.S. 631, 649 (2010).   This Court is also obligated to
"resolve all claims a petitioner raises for tolling of the limitations period." *See
Daniele v. United States,* __ F. App'x __, 2018 WL 3238912 (11th Cir. July 3, 2018)
(citing *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010)) (applying rule
establishing in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), to timeliness
challenges)).

Thomas argues that he filed "a *plain* habeas motion in this federal district" on
"plain paper" on August 16, 2017, but that it was rejected by the Clerk of Court and
returned to him on October 19, 2017 with instructions to refile it on appropriate
Court forms.   Doc. 10 at 1.   No such record exists in the Court's docket (or the
dockets of either the Middle or Northern District of Georgia), and Thomas has not
attached any document supporting his claim.   Indeed, this Court often receives "plain
paper" motions, which are screened by the Court -- *never* the Clerk of Court -- and
ordered amended with a copy of the Court's form § 2254 petition attached for
petitioner's convenience. *See, e.g., Young v. Georgia*, CV418-123, doc. 5 (directing
Clerk to send petitioner a § 2254 form petition and ordering petitioner to refile his
petition on the Court's form or face a recommendation of dismissal) (S.D. Ga. July 6,
2018); *Bridges v. Wilcher*, CV418-150, doc. 5 (same) (S.D. Ga. July 2, 2018); *Whitaker
v. Unnamed Respondent*, CV416-328, doc. 2 (same) (S.D. Ga. Jan. 4, 2017).   In such
cases, however, the original petition controls timeliness questions. *Cf. Mayle v. Felix*,
545 U.S. 644, 653-54 (2005) (amended habeas petition will not relate back to date of
original filing if it "asserts a new ground for relief supported by facts that differ in
both time and type from those the original pleading set forth.").   In the absence of
the purported original pleading, and the lack of any indication of what claims it
contained, the Court simply cannot determine whether petitioner's March 20, 2018

Accordingly, Thomas's § 2254 petition is untimely and should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court

---

petition *could* be related back. Absent relation back, Thomas does not dispute that the March 20, 2018 filing was untimely. *See* doc. 10 at 1 (conceding that 259 days elapsed between the finality of his direct appeal and the filing of his state habeas petition, and that his "state habeas process was final on May 24, 2017," thus rendering September 7, 2017 his deadline for filing his federal petition). The Court also declines to credit his response's unsupported assertions over the clear date on his petition. *See* doc. 1 at 69; *see also* doc. 1-1 at 53 (brief in support of petition, filed on "plain paper," and dated March 20, 2018); doc. 1-2 at 3 (petitioner's exhibit list, filed on "plain paper," and dated March 20, 2018).

Thomas, further, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. Even crediting the facts asserted in his response, he claims he received the Clerk's deficiency notice on October 19, 2017 but took no action until March 20, 2018 -- some five months (155 days) later. That delay would have more than exhausted the time remaining on his one-year clock, even assuming it were tolled (equitably or otherwise) between the date of his purported filing and his notification that the filing was insufficient. *See* doc. 10 at 1 (contending that on August 16, 2017, when he purportedly filed his rejected petition, there were "24 days [left] of the 1 year filing deadline."). Further, his response contends that he is entitled to tolling because his prison's law library, and thus the legal forms it housed, was inaccessible. *See* doc. 10 (asserting that his original petition was not filed on the Court's form "[d]ue to the [l]aw [l]ibrary closure and lack of forms available when it was open" and that he was unable to respond to the Clerk's purported notice "due to the lack of [l]egal materials."). But those circumstances, even if true, would not entitle him to equitable tolling. *See, e.g., Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (allegation of lack of access to legal materials, without more, was insufficient to establish "extraordinary circumstances" to plead equitable tolling).

There is simply no indication petitioner diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 F. App'x at 624.

6

and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this  22nd  day of October, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**